UNITED STATES of America, Plaintiff-Appellee,

v.

Lawrence Bryan KLACKER, Defendant-Appellant.

No. 86–8406

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 26, 1987.

---

**556**

Paul Kish, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Stephen S. Cowen, U.S. Atty., Janis Caplain Gordon, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before HILL, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Appellant was tried before the United States District Court for the Northern District of Georgia on charges of kidnapping, 18 U.S.C. § 1201(a)(1) (1982), and using a firearm during the commission of a felony. 18 U.S.C. § 924(c) (1982). The jury returned a verdict of guilty on both counts. Appellant was sentenced to life imprisonment for kidnapping and a consecutive sentence of five years for the second count. Appellant's court appointed counsel gave timely notice of appeal and filed a brief in this court which conforms to the requirements established by *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The only arguable ground for appeal set forth in this brief is the district court's denial of a motion to change venue.

The circumstances related to appellant's conviction began with his escape from jail in New Orleans, Louisiana. As part of his efforts to elude recapture, he kidnapped a man outside a shopping center in Alabama. At gun point, appellant forced this individual to drive him to Atlanta, Georgia. A well-publicized manhunt ensued which lasted for several days as appellant repeatedly eluded state and federal law enforcement officers. Three months after this manhunt, appellant was tried in Atlanta. Of the 51 venirepersons, 18 had some recollection of the news reports. Only one juror who had seen these reports ultimately sat on the jury.

This court has recently held that prejudice may be presumed from pretrial publicity when such publicity is "sufficiently prejudicial and inflammatory and the prejudicial pretrial publicity saturated the community where the trials were held." *Coleman v. Kemp*, 778 F.2d 1487, 1490 (11th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 2289, 90 L.Ed.2d 730 (1986). The news reports detailing appellant's flight from justice were largely factual reports, devoid of inflammatory material. Additionally, the coverage was not so extensive as to saturate the community. Just as appellant is unable to demonstrate presumed prejudice, actual prejudice cannot be found under the facts of this case.

Actual prejudice results when a juror entertains an opinion as to defendant's guilt prior to trial and would not be capable of laying aside this opinion during deliberations. *Coleman v. Zant*, 708 F.2d 541, 544 (11th Cir.1983). The record before this court fails to support an argument that any juror had formed an opinion as to appellant's guilt prior to trial. The only juror who had seen news reports of the police search for the appellant testified during voir dire that she would ignore the news reports she had seen and judge the case solely upon the evidence presented in court.

Having carefully read the trial transcript and record of the district court, we conclude that there is no arguable merit in this appeal. We note that the *Anders* brief in this case presents all irregularities in the record which might arguably support the appeal. Counsel has provided a copy of this brief to appellant so that he could raise any points he so chooses. Appellant, however, has declined to raise additional arguments. It is therefore ordered that the motion to withdraw filed by Paul S. Kish, appellant's attorney, is GRANTED, and the appeal is DISMISSED.